**Sindimio Gonzales BILBAO; Helen Soriano Bilbao, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–72500.

Agency Nos. A72–669–207, A72–669–206.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2004.*

Decided Nov. 1, 2004.

Sindimio Gonzales Bilbao, Pittsburg, CA, pro se.

Helen Soriano Bilbao, Pittsburg, CA, pro se.

Ronald E. Lefevre, Chief Legal Officer, San Francisco, CA, for Respondent.

Before KLEINFELD, TASHIMA, and GOULD, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

### MEMORANDUM**

Sindimio Gonzales Bilbao and Helen Soriano Bilbao, natives and citizens of the Philippines, petition *pro se* for review of a decision of the Board of Immigration Appeals ("BIA") summarily affirming an immigration judge's ("IJ") denial of asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252(a). Because the BIA affirmed the IJ's decision without opinion, the IJ's decision is considered the final agency determination. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003). We deny the petition.

The Bilbaos do not challenge the IJ's adverse credibility determination; they instead argue that the IJ denied them due process by committing a number of procedural errors. Due process challenges to immigration decisions are reviewed *de novo*. *See Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir.2004).

The Bilbaos argue that the IJ impermissibly directed the government to call the asylum officer as a witness and *sua sponte* continued the removal hearing for that purpose. The Bilbaos have failed to substantiate this assertion, however, and their contention is inconsistent with the IJ's statement to the government attorney that "*you* requested an opportunity to call the asylum officer."

The Bilbaos also argue that the IJ erred by admitting the asylum officer's notes and referral assessment report into evidence. In immigration hearings, "the sole test for admission of evidence is whether the evidence is probative and its admission is fundamentally fair." *Rojas–Garcia v. Ashcroft*, 339 F.3d 814, 823 (9th Cir.2003) (internal quotation marks and citation

omitted). The asylum officer's notes and assessment report were probative of Sindimio Bilbao's credibility and the Bilbaos had an opportunity to cross-examine the asylum officer. The admission of this evidence thus did not violate due process. *See id.*

Pursuant to *Desta v. Ashcroft*, the Bilbaos' motion for stay of removal included a timely request for stay of voluntary departure. 365 F.3d 741 (9th Cir.2004). Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, *nunc pro tunc*, to the filing of the motion for stay of removal, and this stay will expire upon issuance of the mandate.

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

